UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

ALLEN PRICE                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:16CV-199-GNS

UNKNOWN U.S. MARSHAL *et al.*                                                      DEFENDANTS

**MEMORANDUM OPINION**

By Order entered December 15, 2016 (DN 5), the Court directed Plaintiff to file a fully completed non-prisoner application to proceed without prepayment of fees. The Court warned Plaintiff that failure to file a fully completed application within 30 days from the entry date of the Order would result in dismissal of the action for failure to comply with an Order of this Court and for failure to prosecute. Plaintiff failed to comply.

On February 21, 2017, however, Plaintiff called the Clerk's Office and advised that he was in the hospital and had not complied with the Court's Order and that he would pay the filing fee on the following day. Plaintiff did not pay the filing fee in the time asserted.

Consequently, by Order entered March 6, 2017, the Court provided Plaintiff with one final opportunity either to pay the $400.00 filing fee in full or to file a fully completed non-prisoner application to proceed without prepayment of fees. The Court warned Plaintiff that his failure to comply with the Order within 21 days from the entry date of the Order would result in dismissal of this action for failure to comply with an order of this Court and for failure to prosecute. Over 21 days have passed, and a review of the docket sheet reveals that there has been no compliance with the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with straightforward Orders of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently, this action will be dismissed by separate Order.

Date: April 11, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.005

2